### RYCROFT *v.* GREEN.

*(Supreme Court, General Term, First Department.* December 31, 1891.)

DISCOVERY—EXAMINATION OF PARTY—LIBEL.

In an action for libel, the alleged libelous matter was contained in a letter written by defendant to plaintiff's principals, charging that plaintiff would only sell the principals' goods at rates above the latter's price, and pocket the excess. *Held,* that defendant was not entitled, in order to enable him to frame his answer, to examine plaintiff to discover how the principals understood the letter, by inspection of letters sent by them to plaintiff, nor as to whether the facts stated in the alleged libelous letter were true, nor as to the relations of plaintiff and his principals concerning such increased prices.

Appeal from special term, New York county.

Action by Charles E. Rycroft against Henry W. Green for libel. Plaintiff appeals from an order denying a motion made by him to vacate a previous order obtained by defendant for the examination of plaintiff to enable defendant to frame his answer. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Vanderpoel, Cuming & Goodwin, (Henry Thompson,* of counsel,) for appellant. *Strong & Cadwalader, (Geo. W. Wickersham,* of counsel,) for respondent.

ANDREWS, J. This action was brought to recover damages for an alleged libel. The libel consists of a letter written by the defendant to the plaintiff's principals, charging the plaintiff with dishonesty in business. The defendant in his moving papers admits the writing and publication of the letter. He also discloses what his defense will be, namely: (1) A justification of the libel, claiming that the charge of dishonesty in business made against the plaintiff is true; (2) that the letter was a privileged communication. The plaintiff is an importer of linen goods, doing business in the city of New York. He is also the sole American agent of the firm of D. Beveridge & Sons, manufacturers of linen goods, of Fife, Scotland. The defendant is a merchant doing business in Philadelphia. In January, 1891, the defendant wrote to Beveridge & Sons, inquiring the price of certain goods, and was referred by them to the plaintiff. Subsequently the plaintiff's salesman gave defendant a schedule of prices, calculated in American money, f. o. b. at New York, and in English money f. o. b. at Fife. Thereupon defendant gave an order for certain goods at the price in English money, f. o. b. at Fife, but the plaintiff declined to accept any order except in dollars and cents. Thereupon, on January 22, 1891, the defendant wrote and sent to Beveridge & Sons the letter in question, in which he charged that the plaintiff would sell the goods of Beveridge & Sons at such rate only that he made, above his regular commissions, from one cent to three and one-half cents per yard over his principals' price, which he put in his own pocket, and that, unless he made this profit, he refused to sell his principals' goods. The defendant having obtained an order for the examination of the plaintiff, to enable him to frame his answer, a motion was made to vacate that order, which was denied, and from the order denying such motion this appeal is taken.

The first reason given by the defendant for desiring to examine the plaintiff is that he has no other means of knowing how the firm of Beveridge & Sons understood his letter, except by such letters as they may have sent to the plaintiff; and that he has no other means of knowing whether, upon the receipt of the defendant's letter, Beveridge & Sons wrote plaintiff at all, or what the letter contained, if one was written. It is obvious that the defendant does not need any knowledge or information as to those facts, beyond what it appears he possesses, to enable him to frame an answer. The letter written by the defendant is not ambiguous in its terms, and there can be no doubt as to what Beveridge & Sons must have understood it to mean. It is not to

be supposed that the defendant intends to set up in his answer that Beveridge & Sons understood the letter as charging the plaintiff with dishonesty; and, if the defendant believes that Beveridge & Sons understood the letter otherwise, he is at liberty to so allege in his answer. It is inconceivable that it should be necessary for the defendant to examine the plaintiff to discover how Beveridge & Sons understood his letter, in order to enable him to frame his answer. Nor it is necessary for the defendant to examine the plaintiff in order to find out whether, upon receipt of the defendant's letter, Beveridge & Sons wrote the plaintiff, nor, if such letter was written, what it contained. The only possible reason for obtaining knowledge and information on these points would be to enable the defendant now to determine whether or not he had succeeded in injuring the plaintiff in the estimation of Beveridge & Sons. It certainly would be no justification of the alleged libel for the defendant to allege in his answer and prove that the plaintiff was injured by the letter in the estimation of Beveridge & Sons, and, if the defendant believes that no such injury was done by his letter, he can make that allegation in his answer, without an examination of the plaintiff.

The defendant's second reason for examining the plaintiff is that he does not know whether plaintiff gave Beveridge & Sons the benefit of the increased prices obtained by selling their goods in American money, nor whether Beveridge & Sons paid plaintiff his commission upon the sales, nor whether he put in his own pocket the difference of one cent to three and a half cents per yard over the regular prices. This admission of defendant is adding insult to injury. The defendant admits writing and sending a letter to the plaintiff's principals, in which he charged the plaintiff with dishonest dealings in such plain terms that no one who read the letter could fail to understand its meaning. Now, when the defendant is sued for writing and sending this letter, which is libelous on its face, he comes into court and says that he cannot frame his answer until he has examined the plaintiff, for the purpose of ascertaining whether the serious charges which he made in the letter were true. It requires no argument to show that the defendant cannot have an examination of the plaintiff for such a purpose. He states in his moving papers that he proposes to defend upon the ground that the charges were true. The allegations of his answer can be made upon information and belief, and, as he states that he believes the charges to be true, it is wholly unnecessary for him to examine the plaintiff in order to find out whether or not they are true.

The third alleged reason for asking to examine the plaintiff is that the defendant believes Beveridge & Sons did not know that plaintiff would not sell their goods except at American prices, and he believes that plaintiff did not give Beveridge & Sons the benefit of the figures of the increased prices, and that Beveridge & Sons did not understand defendant's letter to charge the plaintiff with making any wrongful and fraudulent profit, and that the defendant has no knowledge what the trust was which Beveridge & Sons reposed in plaintiff. The statement that the defendant has no knowledge what the trust was, reposed in plaintiff by Beveridge & Sons, is obviously untrue. It appears by the moving papers that he knew that the plaintiff was the agent in New York for the sale of the goods of Beveridge & Sons. Whether he had such knowledge or not, it is wholly unnecessary for him to examine the plaintiff to obtain information upon this point, because he can allege in his answer that he has no knowledge or information sufficient to form a belief about the matter. The other matters, about which he desires to examine the plaintiff, relate to facts which he must necessarily set up in his answer if he intends, as he says he does, to justify the libel. He swears now that he has a belief as to these matters, and, as he can make proper allegations in his answer based upon such relief, there is no necessity whatever for an examination of the plaintiff upon these points, to ascertain whether or

not his belief is well founded.   Applications of this kind should not be favored. They are frequently made for the purpose of delay, or to annoy and harass the plaintiff, or to enable a defendant to find out what the plaintiff expects to prove upon the trial.   In the present case it is impossible to think that the defendant needs, or believes that he needs, an examination of the plaintiff, to enable him to prepare his answer.   The order appealed from should be reversed, with costs and disbursements to the appellant, and motion granted.

All concur.